SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

THE PEOPLE OF THE STATE OF NEW YORK,

-against-

GUILLERMO VILLA,

Defendant.

Ind. No.: 3376/2011

**AFFIDAVIT**

STATE OF NEW YORK  )
                   )
CHEMUNG COUNTY     )

    GUILLERMO VILLA, being duly sworn, under penalty of perjury, hereby deposes and says:

1. I am the defendant in the above-captioned case.

2. My family retained Andres Aranda to represent me for trial under Bronx County Indictment Number 3376/2011.

3. Mr. Aranda told me that we should have a bench trial in front of Judge Massaro. I remember that he first said this to me after he had received some of the grand jury minutes in my case. He told me that there was very little evidence against me, so it was better to have a bench trial where I would just be dealing with the judge, who has to follow the law.

4. I had never heard of a bench trial before and did not know what it was. Mr. Aranda seemed very confident and told me that it was a good idea. I trusted Mr. Aranda because he had represented some of my family members on other

1

**22**

matters.

5. Mr. Aranda, however, did not explain to me that by choosing to have a bench trial, I would be giving up my right to have a jury of twelve people to determine the verdict. Mr. Aranda did not go into detail about what a bench trial is, nor did he explain what I would be giving up in order to have a bench trial.

6. On January 30, 2014, I had a hard time taking in everything that the judge was telling me about the differences between a bench trial and a jury trial in those few minutes. I was very nervous. This was my first trial. I had two previous arrests from when I was a teenager, but I had never gone to trial before.

7. At the end of the appearance, the judge told me that I could still think about whether I wanted to go forward with a bench trial and that I could let him know the next day. When the judge said that, I turned around and saw many of my family members, including my mother, Aunt Margaret, and my younger sister, in the courtroom, and I wanted to talk to them about this decision.

8. The next day, when the judge asked me whether I wanted to talk to anyone before going forward with the bench trial, I said I wanted to talk to my family. At this point, I was not certain that I wanted to have a bench trial. In particular, I wanted to talk to Aunt Margaret to ask her for her advice. She is the backbone of our family and a second mother to me.

9. However, the judge did not address my request and said that we were going

Case 1:22-cv-02918-VEC-SDA   Document 14-8   Filed 09/26/22   Page 3 of 3

to go ahead with the bench trial. Mr. Aranda did not object or ask the judge to allow me to speak with my family members. Mr. Aranda never brought up this decision with me again. He did not ask me why I wanted to speak to my family or what I wanted to say to them.

10. If, after the January 30, 2014 court appearance, Mr. Aranda had carefully explained to me what the judge was saying about what I had to give up to have a bench trial, I would not have chosen a bench trial and would have asked for a jury trial.



GUILLERMO VILLA

Sworn before me this 11th day of January, 2021

NOTARY PUBLIC

Lawrence P Tolbert
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01TO6406897
Qualified in Chemung County
Commission Expires 04/20/2024

3

**24**