SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

THE PEOPLE OF THE STATE OF NEW YORK,

-against-

GUILLERMO VILLA,

Defendant.

Ind. No.: 3376/2011

AFFIRMATION

ANDRES ARANDA, ESQ., an attorney duly admitted to practice in the State of New York, presently under an order of suspension, hereby affirms the following under penalty of perjury:

1.  I am making this affirmation in connection with Guillermo Villa's motion, pursuant to Criminal Procedure Law § 440.10, to vacate his conviction. This affirmation is made on information and belief, the sources of which are my review of the record in connection with this case and my memory of my representation of Mr. Villa and conversations with appellate counsel.

2.  I was retained by Mr. Villa's family to represent Guillermo Villa for trial under Bronx County Indictment Number 3376/2011.

3.  During the course of my representation, I did not consult with an eyewitness identification expert about the sole eyewitness's identifications of Mr. Villa to determine how the eyewitness's memory and perception along with the police identification procedures could have affected the reliability of the identifications in this case. I do not recall having a specific reason for not consulting with an eyewitness identification expert in Mr. Villa's case.

4.  This case involved a single eyewitness—the girlfriend of the deceased—who gave testimony that was inconsistent with the information she gave to police

32

during the investigation of the case. The single eyewitness was a light-skinned Black woman, and Mr. Villa is a brown-skinned Hispanic man.

5.      As I recall, there was a witness for the defense who showed up after the trial and who apparently had given conflicting versions of events.

6.      While I do not specifically recall the details around the decision for Mr. Villa to waive a jury trial and have a bench trial, I do recall that I had recently obtained an acquittal in a prior bench trial in front of Judge Massaro, *People v. Andy Esteves*, in which my client was accused of the assault of his girlfriend. I remember discussing this prior bench trial with Mr. Villa.

7.      I do not recall exactly what I said to Mr. Villa about having a bench trial versus having a jury trial, but I remember that we had a discussion about it. I did not dissuade Mr. Villa from having a bench trial, nor did I encourage him to. I told him that the judge is fair.

8.      I do not recall why I did not object during the judge's inquiry into whether Mr. Villa wanted to go forward with a bench trial when the judge ignored or failed to hear Mr. Villa's request to speak to his family.

9.      I do not recall exactly why I consented to allowing trial testimony prior to the resolution of the suppression hearing, except that I believe that it had to do with the unavailability of a witness.

Dated: January 27, 2021
        Bronx, NY


                                                ANDRES ARANDA, ESQ.


**33**